IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN R. BRIGGS,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

        Defendant.

Civ. No. 1:12-cv-02117-MC

OPINION AND ORDER

MCSHANE, Judge:

        Plaintiff Steven R. Briggs, proceeding *pro se*, brings this action for judicial review of the Commissioner's decision denying plaintiff's application for disability insurance benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

        Plaintiff seeks benefits as of September 7, 2006 from disability resulting from back problems and status post lumbar fusion, cervical problems, obesity, and a history of tremors. The

1 – OPINION AND ORDER

administrative law judge (ALJ) determined plaintiff was disabled from September 7, 2006 through January 18, 2008. TR 22.[1] The ALJ found that due to medical improvements, plaintiff's disability ended January 19, 2008. TR 22. Plaintiff argues the ALJ erred in determining plaintiff was not disabled after January 18, 2008. Plaintiff also argues that at the November 6, 2009 administrative hearing, the ALJ concluded plaintiff was disabled through that date. Plaintiff appears to argue that the ALJ's statement at the hearing precluded the ALJ from later concluding, in his final written decision, that plaintiff was disabled only through January 18, 2008. The Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is

---

[1] "TR" refers to the Transcript of Social Security Administrative Record [#7] provided by the Commissioner.

2 – OPINION AND ORDER

capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*.

Plaintiff filed a letter (ECF No. 13, 2) alleging that at the November 6, 2009 hearing, the ALJ concluded plaintiff was disabled through that date. Plaintiff alleges "Someone changed the ALJ ruling to show that 'medical improvement' occurred on January 19, 2008." First, the finding that plaintiff's condition improved as of January 19, 2008 fits with the medical evidence in the record. At the hearing, the ALJ explained how the medical evidence did not support a finding of disability after January 18, 2008, "which is the last date of his chiropractic care[,]" TR 402. The ALJ later stated he would find plaintiff disabled from the onset date "to the end of your physical therapy." TR 403. The medical record demonstrates plaintiff's last date of physical therapy and chiropractic care was indeed January 18, 2008. Second, a transcriber from National Capitol Contracting certified the transcript was a true and complete transcript of the hearing. TR 407. Plaintiff's conclusory allegations of tampering do not overcome the presumption that the certified transcript is correct. *Handy v.* Giubino, 2013 WL 3467063 at *22 (C.D. Ca.).

Additionally, the ALJ's final decision is contained not in any oral remarks made at the administrative hearing, but in the ALJ's May 13, 2010 written decision. TR 16-26. As the Appeals Council denied plaintiff's request for review, the ALJ's written decision became the Commissioner's final decision. 20 C.F.R. § 404.981. Even assuming the ALJ made a different finding at the administrative hearing, that earlier decision is not binding on the ALJ. It is the final decision of the Commissioner, in this case the ALJ's May 13, 2010 written decision, from which plaintiff's appeal lies.

Plaintiff also challenges the ALJ's determination that medical improvements meant that as of January 19, 2008, plaintiff was no longer disabled under the regulations. I construe

3 – OPINION AND ORDER

plaintiff's challenge as an argument that the ALJ's determination is not supported by substantial evidence. Plaintiff argues that despite his requests to the Commissioner for documentation, he never received the January 19, 2008 medical records from which the ALJ made his determination. Plaintiff misconstrues the ALJ's medical improvement determination.

The ALJ did not rely on medical records dated January 19, 2008. Indeed, there is no evidence in the record that plaintiff ever saw a doctor on January 19, 2008. Instead, the ALJ concluded that plaintiff's medical records revealed plaintiff's condition gradually improved after his 2007 surgery, to the point that by January 19, 2008, plaintiff was no longer disabled under the regulations. *See* TR 22-23. The ALJ determined January 18, 2008 as plaintiff's last day of disability in part because that was the last date plaintiff saw his chiropractor. TR 22-23. On that date, the chiropractor noted plaintiff was "progressing satisfactorily" and had "mild moderate pain and tenderness lumbodorsal and lumbosacral area." TR 299. That note corresponded with the January 2, 2008 note which stated "[Plaintiff] may resume normal activities. The patient is progressing satisfactorily." TR 300.

Substantial evidence supports the ALJ's determination that plaintiff's condition was improving by late 2007. Following a September 20, 2007 examination, an orthopedic consultative examiner placed plaintiff in the sedentary-light level. The ALJ relied on that opinion. TR 22. The ALJ also noted that despite being insured until February 2009, plaintiff stopped seeking treatment from his orthopedic surgeon in late 2007 and received no chiropractic treatment after January 18, 2009. TR 22-23. An ALJ may view a claimant's unexplained failure to seek treatment as a factor in the decision. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Because substantial evidence supports the ALJ's determination that plaintiff's medical improvements as of January 19, 2008 meant plaintiff was no longer disabled under the regulations, the ALJ's decision is AFFIRMED. *Batson*, 359 F.3d at 1193.

## **CONCLUSION**

The Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 26th day of August, 2013.

_____/s/ Michael J. McShane _____
Michael McShane
United States District Judge